# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---x

ROXANNE CORTES,

Plaintiff,

-against-

TARGET CORPORATION,

Defendant.

---x

**INDEX NO.:**
**DATE FILED:**

Plaintiff designates SUFFOLK County as the place of trial.

Basis of Venue: Plaintiff's Residence

**SUMMONS**

Plaintiff resides at:
17 West 11th Street
Huntington Sta., NY 11746

**TO THE ABOVE-NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action, and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within this state, or, within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: November 17, 2025
Uniondale, New York

By: Lisa King, Esq.
THE LICATESI LAW GROUP, LLP
*Attorneys for Plaintiff*
423 RXR Plaza, East Tower
Uniondale, New York 11556
(516) 227-2662

Defendant's Addresses:
TARGET CORPORATION
1000 Nicollet Mall
Minneapolis, Minnesota 55403

**PLEASE PROMPTLY FORWARD THIS DOCUMENT TO YOUR INSURANCE COMPANY**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

Index No.:

---------------------------------------------------------------------x

ROXANNE CORTES,

Plaintiff,

-against-

TARGET CORPORATION,

Defendant.

---------------------------------------------------------------------x

**VERIFIED COMPLAINT**

Plaintiff, ROXANNE CORTES, by her attorneys, THE LICATESI LAW GROUP, LLP complaining of the Defendant herein, respectfully alleges, upon information and belief, as follows:

1. At all times herein mentioned, Plaintiff, ROXANNE CORTES, was and still is a resident of the County of Suffolk, State of New York.

2. That at all times hereinafter mentioned, the Defendant, TARGET CORPORATION, has a principal place of business in the County of Suffolk, State of New York.

3. That at all times hereinafter mentioned, the Defendant, TARGET CORPORATION, was and still is a domestic business corporation duly organized and existing under the laws of the State of New York.

4. That at all times hereinafter mentioned, the Defendant, TARGET CORPORATION, was and still is a foreign corporation duly licensed and authorized to do business under the laws of the State of New York.

5. That at all times hereinafter mentioned, the Defendant, TARGET CORPORATION, was and still is a partnership duly licensed and authorized to do business under the laws of the State of New York.

6. That at all times hereinafter mentioned, the Defendant, TARGET CORPORATION, was and still is a franchisee authorized to do business under the laws of the

State of New York.

7. That at all times hereinafter mentioned, the Defendant, TARGET CORPORATION, transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses, conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

8. That at all times hereinafter mentioned, the Defendant, TARGET CORPORATION, was and still operates a retail store in the County of Suffolk and State of New York.

9. That at all times hereinafter mentioned, the Defendant, TARGET CORPORATION, its agents, servants, and/or employees owned a store known as "TARGET," located at 124 East Jericho Turnpike, Huntington Station, New York 11746.

10. That at all times hereinafter mentioned, the Defendant, TARGET CORPORATION, its agents, servants, and/or employees were the lessee of a store known as "TARGET," located at 124 East Jericho Turnpike, Huntington Station, New York 11746.

11. That at all times hereinafter mentioned, the Defendant, TARGET CORPORATION, its agents, servants, and/or employees were the lessor of a store known as "TARGET," located at 124 East Jericho Turnpike, Huntington Station, New York 11746.

12. That all times hereinafter mentioned, Defendant, TARGET CORPORATION, through its shareholders, officers, directors, agents, servants, and/or employees operated a store known as "TARGET," located at 124 East Jericho Turnpike, Huntington Station, New York 11746.

13. That at all times hereinafter mentioned, Defendant, TARGET CORPORATION, its agents, servants, and/or employees maintained a store known as "TARGET," located at 124

East Jericho Turnpike, Huntington Station, New York 11746.

14. That at all times hereinafter mentioned, Defendant, TARGET CORPORATION, through its shareholders, officers, directors, agents, servants, and/or employees managed a store known as "TARGET," located at 124 East Jericho Turnpike, Huntington Station, New York 11746.

15. That at all times hereinafter mentioned, Defendant, TARGET CORPORATION, through its shareholders, officers, directors, agents, servants, and/or employees inspected a store known as "TARGET," located at 124 East Jericho Turnpike, Huntington Station, New York 11746.

16. That at all times hereinafter mentioned, Defendant, TARGET CORPORATION, through its shareholders, officers, directors, agents, servants, and/or employees controlled a store known as "TARGET," located at 124 East Jericho Turnpike, Huntington Station, New York 11746.

17. That at all times hereinafter mentioned, Defendant, TARGET CORPORATION, through its shareholders, officers, directors, agents, servants, and/or employees repaired a store known as "TARGET," located at 124 East Jericho Turnpike, Huntington Station, New York 11746.

18. That at all times hereinafter mentioned, Defendant, TARGET CORPORATION, through its shareholders, officers, directors, agents, servants, and/or employees supervised a store known as "TARGET," located at 124 East Jericho Turnpike, Huntington Station, New York 11746.

19. That at all times hereinafter mentioned, Defendant, TARGET CORPORATION, its agents, servants, and/or employees were responsible for keeping the aforementioned premises located at 124 East Jericho Turnpike, Huntington Station, New York 11746 in a reasonably safe

condition for those patrons entering and/or exiting, and shopping at the premises.

20. That at all times hereinafter mentioned, Defendant, TARGET CORPORATION, had the obligation to maintain the floor surface within the confines of the premises located at 124 East Jericho Turnpike, Huntington Station, New York 11746, in the County of Suffolk, State of New York in a safe and proper condition.

21. That at all times hereinafter mentioned, Defendant, TARGET CORPORATION, had the obligation to keep the floor surface within the confines of the premises located at 124 East Jericho Turnpike, Huntington Station, New York 11746, in the County of Suffolk, State of New York free from slippery, dangerous, and hazardous conditions.

22. That at all times hereinafter mentioned, Defendant, TARGET CORPORATION, had a non-delegable duty to maintain the floors within the confines of the premises located at 124 East Jericho Turnpike, Huntington Station, New York 11746, in the County of Suffolk, State of New York in a reasonably safe condition, dry, free of slick and/or slippery dangers and hazards to those patrons lawfully traversing thereat, including the Plaintiff.

23. That on June 24, 2023, Plaintiff, ROXANNE CORTES, was lawfully at the subject store located at 124 East Jericho Turnpike, Huntington Station, New York 11746.

24. That on June 24, 2023, Plaintiff, ROXANNE CORTES, was lawfully at the subject store located at 124 East Jericho Turnpike, Huntington Station, New York 11746, and while walking thereat was caused to trip/slip and fall and be violently precipitated to the ground, as a result of a dangerous, hazardous, and unsafe condition then and there existing on the floor.

25. That on June 24, 2023, Plaintiff, ROXANNE CORTES, was lawfully at the subject store located at 124 East Jericho Turnpike, Huntington Station, New York 11746, and while walking thereat was caused to trip/slip and fall and be violently precipitated to the ground, thereby sustaining serious and severe permanent injures as set forth herein due to the negligence, gross

negligence, carelessness and recklessness of the Defendant and without any negligence on the part of the Plaintiff.

26. That upon information and belief, Defendant had knowledge of the unsafe, defective, dangerous, unsafe and hazardous condition on the premises or that same had existed for such an unreasonable period of time that Defendant should have discovered and known of same, in time to have made the aforesaid premises safe before the occurrence of the incident alleged herein.

27. That the aforesaid occurrence was caused by the negligence, gross negligence, carelessness and recklessness of the Defendant, its agents, servants and/or employees in the ownership, operation, management, maintenance, control, inspection and supervision of the aforesaid premises without any negligence, gross negligence, carelessness and/or recklessness on the part of the Plaintiff contributing thereto.

28. That solely by reason of the aforesaid, this Plaintiff became sick, sore, lame and disabled, suffered and still suffers and will continue to suffer for some time to come, great mental and physical pain, mental anguish and bodily injuries; that plaintiff has been informed and verily believes that future suffering will exist and will be permanent with permanent pain, discomfort, inconvenience and other symptoms, signs and effects.

29. That solely by reason of the aforesaid, this Plaintiff was obliged to undergo medical care and treatment and will be obliged to undergo further care and treatment for some time to come.

30. That solely by reason of the aforesaid, this plaintiff was unable to attend to said plaintiff's usual duties and occupation for some time and upon information and belief, said plaintiff will be unable to do so or limited from doing so permanently or for some time in the future.

31. That solely by reason of the aforesaid, this Plaintiff has incurred medical expense,

loss of income, and other expenses and upon information and belief , said Plaintiff will continue to incur such expenses permanently or for some time in the future.

32. That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

33. That as a result of the aforementioned condition, and through no fault or negligence of her own, Plaintiff, ROXANNE CORTES, sustained severe and serious personal injuries, including conscious pain and suffering, as well as diverse medical expenses and will continue to suffer in the future.

34. That by reason of the negligence of the Defendant, its agents, servants and/or employees, Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all inferior courts.

**WHEREFORE**, Plaintiff demands judgement in her favor against the Defendant, in a sum which exceeds the jurisdictional limits of all inferior courts, all together with costs, interest and disbursements of this action.

Dated: November 17, 2025
Uniondale, New York

By: Lisa King, Esq.
THE LICATESI LAW GROUP
*Attorneys for Plaintiff*
423 RXR Plaza, East Tower
Uniondale, New York 11556
(516) 227-2662

## ATTORNEY'S VERIFICATION

LISA KING, ESQ., deposes and says:

I am an attorney admitted to practice in the courts of the State of New York. I am associated with the firm of The Licatesi Law Group LLP., attorneys for the within Plaintiff.

I have read the annexed Summons and Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief as to those matters herein not stated upon knowledge is based upon statements of fact, office records and my general investigation into the facts of this case.

The reason I make this verification instead of Plaintiff is because the Plaintiff does not reside in the county wherein I maintain my offices.

Dated: Uniondale, New York
November 17, 2025

LISA KING

Index No.:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------------x
ROXANNE CORTES,

Plaintiff,

-against-

TARGET CORPORATION,

Defendant.

----------------------------------------------------------------------x

**SUMMONS AND VERIFIED COMPLAINT**

**THE LICATESI LAW GROUP, LLP**
*Attorneys for* Plaintiff
*Office and Post Office Address, Telephone*
423 RXR Plaza, East Tower
Uniondale, New York 11556
(516) 227-2662

To
Attorney(s) for
Service of a copy of the within is hereby admitted.

Dated: Uniondale, New York
Attorney(s) for ....................

Sir: Please take notice
_ *Notice of Entry*
that the within is a (certified) true copy of
duly entered in the office of the clerk of the within named court on 19
_ *Notice of Settlement*
that an order of which the within is a true copy will be presented for
settlement to the HON. one of the judges
of the within named Court, at
on the day of 20 at M.
Dated,

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: November 18, 2025

Lisa King, Esq.
Name
THE LICATESI LAW GROUP, LLP
Firm Name

423 RXR Plaza, East Tower
Address
Uniondale, NY 11556

516-227-2662
Phone

LKing@tllgllp.com
E-Mail

To: Target Corporation
CT Corporation, 28 Liberty St.
New York, NY 10005